IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

GEORGE STERLING GRIFFIN,           )
                                   )
         Petitioner,               )
                                   )
vs.                                )    CIVIL ACTION NO.  04-AR-0608-W
                                   )
WARDEN PRICE, et al,               )
                                   )
         Respondents.              )

**MEMORANDUM OPINION**

The court has considered the entire file in this action, together with the Magistrate Judge's Report and Recommendation, and the objections of the petitioner, and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved. The magistrate judge recommended that the petition be dismissed because it is barred by the statute of limitations. In his objections, the petitioner maintains that the magistrate judge's recommendation was "based on inaccurate calculations." He argues that:

> his statute of limitations should have been tolled until 90 days, after [D]ecember 12, 2003, as the [p]etitioner had active litigation in the Alabama [S]upreme [C]ourt concerning his conviction and sentence until that time, (See; Exhib[it] 'A'), and the petitioner had, [a]ccording to precedent case law, [t]hat in [f]act, [w]as cited by the [m]agistrate judge in the [r]eport and [r]ecommendation [i.e.], Bond v. Moore, 309 F.3d 770 (11th Cir. 2002), an additional (90) [n]inety days to file into the United States [S]upreme [C]ourt for review by [w]rit of [c]ertiorari, Supreme [C]ourt [R]ules, Rule 13.1.

The petitioner further avers, [t]hat if the (90) [n]inety days are calculated from December 12, 2003, [i]t would '[p]roperly' adjust his limitations period to [M]arch of 2004, [a]pproximately the time in which the petitioner filed his Petition for Writ of Habeas [C]orpus.

The petitioner has submitted a copy of a certificate of judgment issued by the Alabama Supreme Court on December 12, 2003, denying his petition for a writ of certiorari in *"In re: George Sterling Griffin, Sr., v. State of Alabama*, Bibb Circuit Court: CV-03-16; Criminal Appeals: 021432." He maintains that the statute of limitations should have been tolled until ninety days after the Alabama Supreme Court issued this certificate of judgment on December 12, 2003.

The petitioner's argument has no merit. First, the statute of limitations was properly tolled only from October 7, 2002, when his Rule 32 petition was filed in state court, through May 5, 2003, when the Alabama Court of Criminal Appeals issued the certificate of judgment. Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." On January 28, 2003, Griffin filed a "Petition for Writ of Habeas Corpus Seeking Credit for Pretrial Confinement in Jefferson County Alabama Jail System" in the Bibb County Circuit Court. See copy of Bibb County Petition for "Writ of Habeas Corpus Seeking Credit for Pretrial Confinement in Jefferson County Alabama Jail System," attached. The petition was dismissed on March 11, 2003. See copy of docket sheet from Bibb County case number CV-2003-16, attached. The Alabama Court of Criminal Appeals affirmed the denial of the petition on September 19, 2003. *Id*. The Alabama Supreme Court denied Griffin's petition for a writ of certiorari and issued a certificate of judgment on December 12, 2003. Exhibit A to "Petitioner's Objections to 'Report and Recommendation.'"

Griffin claims that the limitations period should have been tolled until ninety days after the Alabama Supreme Court issued its certificate of judgment on December 12, 2003. Clearly, this petition did not toll the limitations period. It was a habeas petition filed in the Circuit Court of Bibb

County, challenging the execution of his sentence. Because the petition did not challenge the judgment of the Jefferson County Circuit Court it did not serve to toll the limitations period.

Furthermore, the petitioner's interpretation of *Bond v. Moore* is incorrect. Title 28 U.S.C. § 2244 provides that the limitations period runs from "the date on which the judgment **became final** by the conclusion of direct review or the expiration of the time for seeking such review." (emphasis added). The court in *Bond* held that in cases where a petitioner is entitled to file a petition for a writ of certiorari in the United States Supreme Court, but does not, the statute of limitations does not begin to run until the ninety days in which he could have filed a petition in the United States Supreme Court expires. The court's reasoning was that the conviction did not become final until the expiration of the ninety day period.

*Bond* does not stand for the proposition that the limitations period is tolled from the date on which a collateral petition is filed, until the end of the ninety days in which a petitioner could have petitioned the United States Supreme Court for certiorari review. Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim **is pending** shall not be counted toward any period of limitation under this subsection." (emphasis added). The language of the statue is clear that the limitations period is tolled only during the time the collateral petition is pending. A petition is no longer pending when the Alabama Supreme Court issues a certificate of judgment. Therefore, the limitations period is not tolled during the time in which a petitioner could have petitioned the United States Supreme Court for certiorari.

The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed. An appropriate order will be entered.

DONE this 13th day of April, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE